# Exhibit C

## Tepper, Daniel

| | |
|---|---|
| **From:** | Basar, Demet |
| **Sent:** | Friday, June 14, 2019 4:20 PM |
| **To:** | 'Marshack, Adrianne'; Tepper, Daniel; McGuire, Kate; Malmstrom, Carl; tmc@connorsllp.com; cmh@connorsllp.com; kgh@connorsllp.com |
| **Cc:** | Kanny, Matthew; de Recat, Craig |
| **Subject:** | RE: Cuddy v. Fisher-Price, Inc. et al. |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel:

MDL Rule 2.1(d) provides "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."

Defendants' MDL motion to coordinate or consolidate and transfer the seven cases pending in this District (including *Cuddy*, which you identified as a related case in the MDL proceeding) to the Central District of California, where only two actions were filed, is still pending. Moreover, contrary to the representation in the parties' June 13, 2019 joint stipulation to stay pending the disposition of the MDL Motion in *Flores v. Fisher-Price, Inc.*, Case No. 8:19-cv-01073 (C.D. Cal.), that "the Panel is set to hear the Motion on July 25, 2019" (Dkt. No. 13 at 3), the Panel has *not* yet issued a Hearing Session Order for the July 25, 2019 hearing session. To correct this misstatement, on June 13, Plaintiffs in *Barton*, *Mulvey*, *Nabong* and *Shaffer*, who, together with plaintiffs in the other then-pending cases in the Western District, filed a motion to intervene in *Flores* for the purpose of transferring that case to this District under Section 1404 (Dkt. No. 10), were forced to file a notice with the Court (Dkt. No. 14 at 2). Because the briefing on the MDL Motion will not be completed until July 5, 2019, it is more likely that the MDL Motion, if the Panel decides to accept it for argument, will be heard at the Panel's September 26, 2019 hearing session.

As counsel for Plaintiffs and the putative classes they seek to represent in *Barton*, *Mulvey*, *Nabong*, *Shaffer* and *Cuddy*, we are duty-bound to protect and promote the best interests of the classes. Given that babies' lives continue to be at risk because Defendants continue to insist the Rock 'n Play Sleeper is safe and blame parents for the deaths and injuries because of their alleged "misuse," we believe the public interest requires these cases to be prosecuted  as expeditiously and vigorously as possible. Consequently, we do not agree to stay the recently-filed *Cuddy* action.

Thank you for agreeing to accept service of the *Cuddy* complaint. We are happy to send you the papers if you agree to respond within 21 days of today. We believe that is a reasonable date because you have had the substance of our claims as well as our draft complaint, which is substantively similar to *Cuddy*, since February 21, 2019. You obviously have had the *Cuddy* complaint itself since yesterday, when it was filed, because you immediately notified the Panel of its existence.

If you agree to lift the ex parte stay of our stayed actions in the Western District, and to not move to stay *Cuddy*, we are happy to extend the response dates in all of our actions to a date certain so they can proceed

==on the same track. If you agree, we are also prepared to enter agree to a reasonable briefing schedule on any== ==dismissal motions your clients may want to file.==

Regards,
Demet

**From:** Marshack, Adrianne [mailto:AMarshack@manatt.com]
**Sent:** Friday, June 14, 2019 11:36 AM
**To:** Basar, Demet; Tepper, Daniel; McGuire, Kate; Malmstrom, Carl; tmc@connorsllp.com; cmh@connorsllp.com; kgh@connorsllp.com
**Cc:** Kanny, Matthew; de Recat, Craig
**Subject:** Cuddy v. Fisher-Price, Inc. et al.

Counsel,

We are aware of the complaint filed yesterday on behalf of Luke Cuddy.  We are writing to: (1) offer to accept service on behalf of Fisher-Price and Mattel in accordance with FRCP 4 (we will sign a Waiver of Service of Summons); and (2) request that you stipulate to a stay of the action pending the JPML's ruling on the Motion for Transfer.

Please let us know your position on both of these points.

Regards,

**Adrianne Marshack**
Partner

**Manatt, Phelps & Phillips, LLP**
Park Tower
695 Town Center Drive, 14th Floor
Costa Mesa, CA  92626
**D** (714) 338-2709  **F** (714) 371-2569

AMarshack@manatt.com
**manatt.com**

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.